UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MYRTLE M. CHAISSON | * | |
| | * | CIVIL ACTION NO. 2:23-2551 |
| Plaintiff | * | |
| | * | JUDGE GUIDRY |
| VERSUS | * | |
| | * | MAGISTRATE NORTH |
| STATE FARM FIRE AND | * | |
| CASUALTY COMPANY | * | |
| Defendant. | * | |

## ORDER AND REASONS

On the face of the petition, Plaintiff Myrtle M. Chaisson suffered damage to her home when Hurricane Ida struck on August 29, 2021. R. Doc. 1 at 3. She submitted a claim to her homeowner's insurer, Defendant State Farm Fire and Casualty Company ("State Farm") and received a payout of $32,693.68. *See* R. Doc. 17-3. Believing this amount inadequate to satisfy State Farm's contractual obligations to her under the policy she had purchased, Ms. Chaisson filed the instant suit against it on July 18, 2023, alleging breach of contract and seeking statutory penalties pursuant to La. R.S. 22:1892 and 22:1973. R. Doc. 1 at 4. However, the truth behind the petition is quite different: Myrtle M. Chaisson did not file this suit. She did not submit a claim to State Farm for the damage Hurricane Ida caused to her home. In fact, Ms. Chaisson has never had any awareness of this damage or of Hurricane Ida at all, because she died on September 18, 2018, almost three years prior to the storm, and almost five years before this matter was filed in her name. *See* R. Doc. 11-4 at 1.

On this basis, State Farm moves the Court to enter judgment on the pleadings in its favor as to all claims raised in this action pursuant to Federal Rule of Civil Procedure 12(c). R. Doc. 11. State Farm asserts the suit is a legal nullity and *void ab initio* because the alleged Plaintiff does not have standing to sue because she predeceased the filing of the complaint and thus is not a "real and substantial" party to the to the litigation under Federal Rule of Civil Procedure 17. Nor can she be substituted under Federal Rule of Civil Procedure 25 because that rule allows substitution for a deceased party when the claim is not extinguished by her death, but instead the rule contemplates substitution for someone who had been made a party before her death. State Farm asserts substitution is not available here where the decedent predeceased the filing of the action, citing *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); *Porter v. Times Grp.*, No. CV 16-121-JJB-RLB, 2016 WL 8257692, at *3 (M.D. La. Nov. 4, 2016), report and recommendation adopted, No. CV 16-121-JJB-RLB, 2017 WL 628296 (M.D. La. Feb. 15, 2017) ("Rule 25(a) is inapplicable because Ms. Lang predeceased the initiation of this action, and the suit against her was a nullity ab initio."). R. Docs. 11-2; 20.

In opposition, Plaintiff argues either that State Farm has waived this argument via its Answer to Plaintiff's Complaint, R. Doc. 9, or that she should be permitted to amend her Complaint, R. Doc. 1, to substitute Ronald Chaisson, the representative of Plaintiff's succession appointed under Louisiana Law, *see* LA. CODE CIV. P. art. 685, as the "real party in interest" pursuant to Fed. R. Civ. P. 17(a)(3). R. Doc. 17. Having considered the parties' arguments, as well as the applicable law and facts, the Court will GRANT State Farm's Motion.

## I.     APPLICABLE LAW

Rule 12(c) states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The United States Court of Appeals for the Fifth

Circuit has explained that Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A WRIGHT & MILLER, *Federal Practice & Procedure*, § 1367 at 509–10 (1990)). Essentially, this rule provides a mechanism by which a defendant may move the court to dismiss a plaintiff's case against it for failure to state a claim upon which relief can be granted as a matter of law, before undergoing a potentially unnecessary trial, but after the time for raising that deficiency as an initial defense to the plaintiff's complaint has passed. *See* Fed. R. Civ. P. 12(b). Thus, the "standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)).

As with a motion to dismiss under Rule 12(b)(6), in addressing a Rule 12(c) motion for judgment on the pleadings a court must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because this inquiry requires the court to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success[,]" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012)), the court must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing

3

*Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)). The Fifth Circuit has thus noted that a Rule 12(c) motion "only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain." *Hebert Abstract Co.*, 914 F.2d at 76 (quoting 5A WRIGHT & MILLER, *supra*, at 511)).

This is such a case. The facts material to the question before the Court are uncontested: Myrtle M. Chaisson died in 2018, and, for reasons Plaintiff does not attempt to explain, Counsel filed this suit in her name in 2023. The parties dispute only whether that sequence of events renders this action a nullity as a matter of law, as if it had essentially never been filed at all, or whether Plaintiff's complaint is merely violative of Rule 17's requirement that "[a]n action must be prosecuted in the name of the real party in interest[,]" which she may cure by substitution of the proper party.

**II.     WAIVER**

As an initial matter, Plaintiff argues State Farm has effectively waived its right to challenge the validity of her suit based on its "admissions" in its answer that Myrtle Chaisson is "a person of the full age and majority domiciled in Jefferson Parish," that she "owned 1101 Avenue E in Westwego, Louisiana" and that the "State Farm policy No 18-67-95227 was in full force and effect at all times relevant here." Therefore, Plaintiff contends State Farm should be "bound by its admissions in its Answer that Myrtle Chaisson has a valid clam under State Farm's policy for Hurricane Ida damages." R. Doc. 17, pp. 3-4.

State Farm points out that nowhere in its answer did it admit that Myrtle Chaisson, as a deceased person, had a valid claim tor standing to bring this action. State Farm notes that its answer was predicated on the caveat "[b]ased on current information and belief" before it admitted the

4

allegations in Paragraph 1 of the Complaint. State Farm argues this is not a "judicial admission" that the nominal plaintiff had standing to file suit.

The Court agrees that State Farm's Answer cannot be deemed a judicial admission with regard to standing. "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. ... [I]t has the effect of withdrawing a fact from contention." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001). To constitute a judicial admission, the statement must be "(1) made in a judicial proceeding; (2) contrary to a fact essential to the theory of recovery; (3) deliberate, clear, and unequivocal; (4) such that giving it conclusive effect meets with public policy; and (5) about a fact on which judgment for the opposing party can be based." *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 329 (2001). Here, there is no "clear, deliberate, or unequivocal admission" in the Answer that Mrtyle Chaisson had legal standing to bring this action even though she was deceased at the time it was filed.

### III.  RULE 17 SUBSTITUTION

Next, Plaintiff argues that Federal Rule of Civ. Proc. 17(a)(3) applies to this case and requests that the Court deny State Farm's motion, and permit Plaintiff thirty (30) days to substitute the succession representative—Ronald Chaisson as the plaintiff.  State Farm counters that the action was a nullity from its filing and Rule 17(a)(3) cannot revive it.

This case, however, is not simply a name change or substitution of a party who died after the action was commenced. Essentially, this plaintiff, Myrtle Chaisson, a deceased person, was never a proper party to begin with, and she cannot be substituted at this juncture. A case on point is *Campbell v. Travelers, Ins*., 2008 WL 145048 (E.D. La. Jan. 14, 2008) (Vance, J.). There, the

nominal plaintiffs were deceased when suit was filed against their insurer alleging they had sustained damages during Hurricane Katrina. The Court found they were not proper party plaintiffs under Louisiana law. *Id.*, * 1.[1] In finding that substitution would be futile, the Court reasoned that "The Fifth Circuit has explained that Rule 25 allows substitution for a deceased party when the individual was properly made a party before his or her death. *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir.1969); Fed. R. Civ.P. 25(a)(1). The Rule is inapplicable when the deceased party predeceased the initiation of the litigation. *Id.* Accordingly, plaintiff cannot seek to use Rule 25 to substitute parties in this action." *Campbell, supra.* The Court went on to dismiss the action for lack of a proper plaintiff. *Id.*

The same result should obtain in this case. The action could not be brought in the name of a deceased person under Louisiana law, and thus it was a nullity *ab initio*. Neither Rule 17 nor Rule 25 can cure such a deficiency.

---

[1] The *Campbell* Court cited *Magee v. Stacey*, 223 So.2d 194, 195 (La.App.1969) (noting that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person"); *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003) ("The question presented is whether an action can be initiated in the name of a deceased person. We think the answer is plainly, 'no.'"); and *Banakus v. United Aircraft Corp.*, 290 F.Supp. 259, 260 (S.D.N.Y.1968) ("An action cannot be brought by a deceased.").

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that State Farm's Motion for Judgment on the Pleading, R. Doc. 11, is **GRANTED** and that judgment shall be entered in this matter in favor of State Farm on all counts raised herein.

New Orleans, Louisiana, this 23rd day of September, 2024.

_____
Greg Gerard Guidry
United States District Judge